## MORTON, Admr. v COX

Ohio Appeals, 9th Dist, Summit Co
No. 1950. Decided June 4, 1931

P. G. Russell, Akron, for Cox.
Frank, Ream & Schenz, Akron, for Morton, Admr.

WASHBURN, J.

There is no allegation in the petition showing the relation of the parties to be such as to make an express contract essential to a right to recover for such services, and if the allegation of an express contract be ignored, the petition states a good cause of action on an account under the statute, and therefore it was not error to overrule the objection to the introduction of any evidence.

"1. Where in an action on an account to recover for services rendered, the petition of plaintiff is in the short form authorized by §5086, Revised Statutes, such petition must be construed to contain and by implication allege, all those facts which it would otherwise be necessary to specifically aver in the statement of a sufficient cause of action, and every fact thus averred by implication is traversed and put in issue by the general denial."

**Dykeman v. Johnson, 83 Oh St 126.**
But it is claimed that the foregoing conclusion is not justified in this case because the answer of the defendant alleged that the relation of the parties was such as to require proof of an express contract in order to recover and that therefore an allegation of an express contract was required, and if required the cause of action was not complete without an allegation of performance.

The answer made by the plaintiff to that contention is that the plaintiff was granted leave to file a reply denying said allegation of the answer and the case was tried as if such answer had been filed, although the record does not contain the reply or show that it was actually filed.

In that state of the record the objection which was made raised only the question

of the sufficiency of the petition; indeed, by the language of the objection that is all that the objection related to. It was not a motion for judgment on the pleadings, and if it could be construed to be such the leave to reply which was granted would have required the overruling of such a motion.

Aside from all that has been said, we are of the opinion that the petition taken as a whole and liberally construed, does allege the performance of the express contract set forth in the petition, and the record discloses that the case was tried throughout on the theory that the plaintiff could recover only in the event there was an express contract which was performed, and the trial court charged the jury that the burden was on the plaintiff to prove such contract by "clear and convincing evidence." There is abundant evidence in the record on the subject of performance, and we do not find that the verdict of the jury is against the weight of the evidence.

Other claims of error are made, which we have examined, but we find no prejudicial error in the record.

Judgment affirmed.

PARDEE, PJ, and FUNK, J, concur.